CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 31 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADIB EDDIE RAMEZ MAKDESSI, | ) | CASE NO. 7:14CV00563 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| OFFICER AYERS, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Plaintiff Adib Eddie Ramez Makdessi has filed a pleading that he titles: "Motion for Emergency Order of Protection." The court construed and docketed Makdessi's submission as a motion for interlocutory injunctive relief, as well as a civil rights complaint under 42 U.S.C. § 1983, seeking a transfer away from western Virginia.[1] After review of Makdessi's submission, the court finds no ground on which interlocutory injunctive relief is warranted and concludes that this civil action must be summarily dismissed under 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies.

In the instant motion, Makdessi asserts that being cuffed to the back causes him shoulder pain and that numerous times at River North Correctional Center ("RNCC"), to avoid hurting him, officers have cuffed him to the front or cuffed him to the back with two pairs of cuffs. Makdessi complains that on September 18, 2014, RNCC officials (Capt. Febs and two John Does) reinjured his shoulder and wrist by cuffing him to the back during a shakedown of his cell, even after he asked for special cuffing and showed them medical records. He explains that although the officers used two pairs of cuffs, they looped the cuffs so that little extra length was

---

[1] Makdessi originally filed this motion in Case No. 7:13CV00079, which seeks damages for past injuries to his shoulder at Keen Mountain Correctional Center and is to be scheduled for a bench trial. Pursuant to court order, the clerk removed Makdessi's motion from that case and redocketed it as a separate civil action.

added, which caused him injury. Makdessi also complains that while other inmates placed their legal materials through an X-ray machine, officers tore up and scattered Makdessi's "legals" and told him that if he would send his legal work home and forget about his lawsuits, he would not be retaliated against. Makdessi alleges that Officer Ayers, a defendant in Makdessi's pending lawsuit who is now a K-9 officer at RNCC, brought his dog to the shakedown against policy and allowed it to bark at Makdessi to intimidate him. Makdessi states that the court should order officials to transfer him immediately to eastern Virginia to avoid further shoulder injury and retaliation.

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits; he is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in his favor; and an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part by 607 F.3d 355, 355 (4th Cir. 2010) (citing Winter, 555 U.S. at 20). Moreover, a plaintiff's assertion that he might possibly incur irreparable harm in the absence of court intervention is insufficient grounds for relief. Id. (emphasis added).

Makdessi's primary basis for seeking interlocutory relief is his fear that in the future, RNCC officers will purposely cuff him so as to hurt his shoulder to retaliate against him for his pending lawsuit against Keen Mountain staff. Prison officials may not retaliate against an inmate for exercising his constitutional right to access the court, Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978), but a § 1983 claim of retaliation requires more than conclusory allegations that officers' actions were retaliatory. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

2

The plaintiff must allege facts showing that his exercise of his constitutional right was a substantial factor motivating the retaliatory action. See, e.g., Wagner v. Wheeler, 13 F.3d 86, 90-91 (4th Cir. 1993) (citing Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 287 (1977) (requiring plaintiff to show "a causal relationship between the protected expression and the retaliatory action").

Makdessi fails to demonstrate any likelihood of success on the merits of his claims of retaliation or any likelihood of future retaliation. Makdessi's characterization of events on September 28, 2014, as retaliatory is speculative and conclusory, which is insufficient under Adams to state an actionable claim. His allegations indicate that only Officer Ayers has any connection to his the prior lawsuit. Yet, Ayers' only alleged involvement on September 18 was to let his dog bark at Makdessi, which caused no injury. The allegations also indicate that the officers applying the restraints that day tried to double-cuff Makdessi to avoid hurting him and simply misapplied the equipment. This scenario suggests mere negligence rather than retaliation, particularly as Makdessi does not show any relationship these officers had to his prior litigation. Makdessi's allegations about September 18 simply do not suggest that RNCC officers did, or are likely to in the future, purposely cuff him so as to harm his shoulder.[2] For these reasons, the court must deny Makdessi's motion for interlocutory injunctive relief.

Furthermore, Makdessi admits that he has not yet exhausted administrative remedies as to his claims about the events on September 18, 2014.[3] As such, he is not yet entitled to bring a

---

[2] Makdessi also claims that the officers' handling of his legal materials was retaliatory. Because he fails to allege how that this incident had any specific adverse effect on his pending lawsuit, however, he has not shown any likelihood of success on a retaliation claim here. See American Civil Liberties Union v. Wicomico County, 999 F.2d 780, 786 (4th Cir. 1993) (finding that mere inconvenience in exercise of constitutional rights not adverse enough to constitute actionable retaliation).

[3] Makdessi is advised that an emergency grievance, like the one he attaches to his motion, is not a part of the prison's regular grievance procedure which he must complete to comply with § 1997e(a).

3

legal action in this court concerning those events. 42 U.S.C. § 1997e(a). Therefore, the court will summarily dismiss this action without prejudice under that section. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 31st day of October, 2014.

                                         Chief United States District Judge